IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. __1:21-cv-01959__

LATOYA L. YOUNGER,

    Plaintiff,

v.

CAPITAL ACCOUNTS, LLC,

    Defendants.

## COMPLAINT

NOW comes LATOYA L. YOUNGER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of CAPITAL ACCOUNTS, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, against Defendant for its unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the District of Colorado and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

### PARTIES

1

4. Plaintiff is a consumer over-the-age of 18 residing in Aurora, Colorado, which lies within the District of Colorado.

5. Defendant is a third party debt collector that claims to provide "efficient and standardized collection services for [its] clients."[1] Defendant is a limited liability company organized under the laws of the state of Tennessee with its principal place of business located at 4107 Mallory Lane, Suite 302, Franklin, Tennessee.

6. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. The instant action stems from Defendant's attempts to collect upon a debt ("subject debt") Plaintiff is alleged to owe to First Stop Bail Bonds ("First Stop").

8. The transaction giving rise to the subject debt was entered into by Plaintiff for her personal purposes.

9. Upon information and belief, after Plaintiff's purported default on the subject debt, the subject debt was turned over to Defendant for collection purposes.

10. On or about April 4, 2021, Defendant sent or caused to be sent to Plaintiff a collection letter ("April Collection Letter") attempting to collect upon the subject debt.

11. This April Collection Letter was the first communication Plaintiff received from Defendant in connection with the subject debt.

12. Defendant's collection letter reflected that the "Balance" of the subject debt was $3,296.00.

---

[1] https://usecapital.com/

13. The April Collection Letter goes on to provide Plaintiff with various disclosures required by the FDCPA.

14. At no point does the April Collection Letter advise Plaintiff that interest or other charges were accruing on the subject debt or otherwise inform Plaintiff that the balance of the subject debt was variable and subject to any potential increase.

15. Plaintiff viewed Defendant's April Collection Letter and began deciding about whether he could afford to make payment demanded by Defendant.

16. Thereafter, on or about June 9, 2021, Defendant sent or caused to be sent to Plaintiff a subsequent collection letter ("June Collection Letter") attempting to collect upon the subject debt.

17. The June Collection Letter stats that the "Balance" of the subject debt was now $3,316.00.

18. At no point does the June Collection Letter explain or demonstrate why or how the balance of the subject debt had increased since the sending of the April Collection Letter.

19. Plaintiff became extremely confused and distressed as to why the balance of the subject debt had now increased, as he was not informed that the subject debt would be subject to any potential increases if payment was delayed.

20. Defendant's failure to advise Plaintiff about the variable nature of the subject debt harmed Plaintiff as he was deprived substantive information which would have allowed him to chart an intelligent course of conduct in response to Defendant's collection efforts.

21. Plaintiff was similarly misled and deceived as to how much he would have to pay in order to address the subject debt, and was further deprived of information which would have allowed Plaintiff to properly chart a course of conduct in response to Defendant's collection efforts.

22. Courts have fashioned safe harbor provisions in connection with debt collectors' efforts to collect variable debts from consumers, including how such variable nature must be outlined in

initial collection letters with consumers, and Defendant's collection letters fail to include any such safe harbor language or language substantially similarly to such safe harbor language.

23. Furthermore, given the nature of the April and June Collection Letters and upon further information and belief, the overall balance Defendant was seeking to collect from Plaintiff contains charges and fees additional to principal.

24. As *Fields v. Wilber,* 383 F.3d 562 (7th Cir. 2004) instructs, debt collectors run afoul of multiple provisions of the FDCPA when they send a consumer a collection letter attempting to collect a balance which comprises both principal and additional fees, yet fails to itemize or specify the amount of fees additional to principal comprising the overall balance of a particular debt.

25. Defendant's failure to itemize or otherwise explain to Plaintiff what portion(s) of the subject debt were attributable to amounts additional to principal thus misled and deceived Plaintiff, as he was led to believe the balance sought by Defendant was comprised entirely of principal.

26. Alternatively, in the event the subject debt was not variable, then Defendant misleadingly and deceptively misrepresented Plaintiff's obligation in connection with the subject debt, given the conflicting balances reflected in the respective collection letters.

27. Confused and concerned by the nature of Defendant's collection letters, Plaintiff spoke with the undersigned regarding her rights in connection with the subject debt, resulting in the expenditure of time and accrual of resources.

28. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, being lied to in violation of anti-trickery statute, and further violations of her

4

federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

29. Plaintiff repeats and realleges paragraphs 1 through 28 as though fully set forth herein.

30. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

31. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendant is further a business whose principal purpose is the collection of debts.

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. §1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §§ 1692e, e(2)(A), and e(10) when they deceptively and misleadingly outlined the balance of the subject debt in the April Collection Letter. Although Defendant provided the balance, Defendant's collection letter suggested the subject debt was static – i.e., not subject to any potential increases. However, as evinced by the June Collection Letter, the subject debt was variable. As such, given the apparent accrual of further charges, Plaintiff would have had

to pay *more* than the balance listed in the April Collection Letter in order to fully satisfy her purported obligation on the subject debt. Similarly, Plaintiff was not provided any information to determine that the subject debt may increase, in turn preventing Plaintiff from being able to take any action to avoid the further increase of the subject debt. Courts have fashioned "safe harbor" language which debt collectors are supposed to use in order to adequately outline the total balance of a particular debt when debt collectors send initial collection letters attempting to collect upon variable debts. However, Defendant's April Collection Letter does not provide any of the information – or any information substantially similar to – the safe harbor language courts have applied to these situations, illustrating the way in which Defendant's April Collection Letter was deceptive to Plaintiff and is deceptive to the least sophisticated consumer.

36. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its failure to clearly and fairly communicate information about the amount of the subject debt to Plaintiff in the collection letters. Based on the series of collection letters, it is apparent that the balance of the subject debt comprises amounts additional to principal. Defendant's failure to itemize or clearly indicate what portions of the overall total were made of charges additional to principal is in violation of the FDCPA. As circuit courts have stated, "debt collectors must . . . clearly and fairly communicate information about the amount of the debt to debtors. This includes how the total amount due was determined if the demand for payment includes add-on expenses . . . ." *Fields v. Wilber,* 282 F.3d 562, 565 (7th Cir, 2004). As such, Defendant's failure to itemize and specifically inform Plaintiff what amounts were attributable to charges other than principal constitutes deceptive and misleading conduct in violation of the FDCPA.

37. Alternatively, in the event the subject consumer debt was not actually variable, then Defendant violated §§ 1692e, e(2)(A), and e(10) by falsely, deceptively, and misleading representing the balance Plaintiff owes in connection with the subject debt.

  b. **Violations of FDCPA § 1692f**

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendant violated § 1692f through their unfair conduct in inflating the balance of the subject debt without providing any explanation or information to Plaintiff justifying the increased balance.

  c. **Violations of FDCPA § 1692g**

40. The FDCPA, pursuant to 15 U.S.C. §1692g(a), requires debt collectors to provide consumers with various pieces of information regarding consumer's rights to dispute the validity of certain debts in the initial written communication with consumers. Pursuant to 15 U.S.C. § 1692g(a)(1), a debt collector must adequately provide "the amount of the debt."

41. Defendant violated § 1692g(a)(1) when it failed to adequately identify the amount of the debt in the April Collection Letter. Although the letter purports to outline the total amount due, the fact the debt was variable triggered Defendant's obligation to provide more information to consumers – *inter alia,* that the amount Plaintiff may pay would be greater than the amount indicated in the collection letter. Defendant's failure in this regard illustrates its failure to comply with the strictures imposed upon debt collectors by § 1692g(a). Defendant's failure posed a risk of harm to Plaintiff's ability to intelligently determine the best way for her to go about addressing the subject debt, and further failed to convey to Plaintiff the true amount of the subject debt.

WHEREFORE, Plaintiff, LATOYA L. YOUNGER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: July 20, 2021                                                  Respectfully submitted,

s/ Nathan C. Volheim                                              s/Eric D. Coleman
***Nathan C. Volheim***                                        ***Eric D. Coleman***
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                 2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                         Lombard, Illinois 60148
(630) 568-3056 (phone)                                        (630) 575-8181 x. 105 (phone)
nvolheim@sulaimanlaw.com                              ecoleman@sulaimanlaw.com
Attorney for Plaintiffs                                             Attorney for Plaintiffs